JUDSON G. WELLS, APPELLANT, *v.* THOMAS R. KNOX, ASSIGNEE, ETC., RESPONDENT.

*Action to compel an assignee to account to a creditor of his deceased assignor — when the legal representative of the assignor need not be made a party.*

In an action brought by a creditor at large of one Warner, deceased, to obtain an accounting upon the part of Thomas R. Knox, as his assignee under a general assignment for the benefit of creditors, the complaint set forth the plaintiff's claim, the assignment, its acceptance by Thomas R. Knox, the assignee, his quali- fication thereunder, and that the assignee had come into possession of the assigned property, and was at that time in possession of its proceeds and avails. The complaint further alleged the death of Warner, and that no executor or administrator of his estate had been appointed.

The defendant Thomas R. Knox demurred to the complaint upon the ground that there was a defect of parties defendant, because neither the assignor, nor his legal representative, was made a party defendant.

*Held*, that the object of the proceedings on the part of the plaintiff was not to recover his debt from the debtor, but to enforce a lien which he had, because of his debt, upon the funds in the hands of the assignee; and that while the assignor might have been a proper party, he was not a necessary party to the action.

That where, in such a case, it appears that the assignor has died, and that no legal representative of his estate has been appointed, the court is not called upon to require the assignor to be brought in.

That, in any event, the failure to make the assignor or his legal representative a party to such an action did not constitute a ground for demurrer.

APPEAL by the plaintiff from an interlocutory judgment of June 25, 1889, entered, upon the hearing of a demurrer to the plaintiff's complaint, in the office of the clerk of the county of New York on the 25th day of June, 1889; and also from an order sustaining the demurrer, entered in said action on June 21, 1889.

*Louis H. Hahlo*, for the appellant.

*Benno Loewy*, for the respondent.

VAN BRUNT, P. J. :

This action was commenced by the plaintiff, who is a creditor at large of Samuel A. Warner, deceased, to obtain an accounting upon the part of Thomas R. Knox, as assignee of said Warner under a general assignment made by Warner to him.

The complaint set forth the facts on which the plaintiff claims to be a creditor; the assignment, its acceptance by the assignee, and his qualification thereunder, and that the defendant had come into possession of the assigned property and is now in possession of its proceeds and avails. The following allegations are then made :

"That since the making and delivery of said assignment the said Samuel A. Warner has departed this life, and deponent alleges, upon his information and belief, that no executor or administrator of his estate has been appointed."

"That the subject-matter of this action is one of general and common interest to many and numerous persons interested in said assigned estate, and plaintiff, therefore, brings this action in his own behalf and in behalf of such other persons and creditors as may desire to share in the benefits of this action."

The defendant demurred to the complaint upon the ground that there was a defect of parties defendant because neither the assignee

nor his legal representative was made a defendant. This demurrer was sustained at Special Term, and from the judgment thereupon entered this appeal is taken.

The question, therefore, presented is whether the assignor or his legal representatives are necessary parties to this action, without whose presence a complete determination of the issues cannot be had. It is claimed, upon the part of the respondent, that no such complete determination can be had without the presence of the assignor or his legal representative, because the plaintiff is required to prove the debt due from the assignor to him in order to be entitled to call the assignee to an account.

It is to be borne in mind that there are many instances in which persons may be proper parties to an action, who are not necessary parties, and that much which has been said upon the subject of making the assignor a party in actions of this character must be viewed in reference to the fact that a person may be a proper party, although not a necessary party. The object of the proceeding upon the part of the plaintiff was not to recover his debt from his debtor, but to prosecute the lien which he had because of his debt upon the funds in the hands of the assignee, which lien was given by the assignment under which the assignee held the property upon which it was sought to impress this lien. If this was a proceeding to recover the debt as such against the debtor, undoubtedly the debtor or his legal representative would be a necessary party to the action. But, as already suggested, that is not the nature of the relief sought, such relief being merely to reach certain property and nothing else.

There is a familiar instance in which the original debtor is not held to be a necessary party to the prosecution of the action. Take the case of a bond and mortgage given by A to B, upon property owned by A, to secure a debt due from A to B, which property, subsequent to the giving of the bond and mortgage, has been sold by A to C, C assuming the payment of such bond and mortgage. B can commence an action to foreclose the mortgage against C, without making A a party. So in the case at bar, as the proceeding is not in the nature of a proceeding to recover a debt, but to foreclose a lien, the original debtor is not a necessary party. In actions of this description, however, the court should always require the assignor to be brought in for its own protection where it can possibly be

done. But where a good excuse is given, as that the assignor is dead and has no legal representatives, then clearly such action upon the part of the court is not called for. In any event, the failure to make an assignor or his legal representatives a party cannot be considered as a ground for demurrer, because the action may proceed to judgment without their presence.

The interlocutory judgment and order appealed from should be reversed and the demurrer overruled, and the defendant allowed to answer upon payment of the costs of the demurrer and of this appeal.

BARRETT and BARTLETT, JJ., concurred.

So ordered.